**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**Case No. 3:21-cv-01243-MMH-MCR**

STRIKE 3 HOLDINGS, LLC, a limited
liability company,

      Plaintiff,

v.

JOHN DOE subscriber assigned IP address
73.104.17.231, an individual,

      Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SERVE**
**A THIRD-PARTY SUBPOENA PRIOR TO RULE 26(F)**
**CONFERENCE**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3"), respectfully submits this Response in Opposition to Defendant's Motion in Opposition to Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rules 26(f) Conference ("Motion").[1]

---

[1] Although Defendant styles the motion as a challenge to Strike 3's Motion for Leave to Serve a Third-Party Subpoena Prior to Rules 26(f) Conference, the Court has already granted that motion, D.E. 9. Accordingly, Strike 3 will treat the Motion as one requesting the Court quash the subpoena.

## I.      INTRODUCTION.

Defendant, John Doe's (Doe) Motion is a carbon copy of a previous motion that was filed, and rejected, in *Strike 3 Holdings, LLC v. Doe*, 21-00249 (KKM)(CPT), ECF No. 16 (M.D. Fla. Apr. 21, 2021). There, Judge Tuite unambiguously held that "Strike 3 has met its burden of establishing good cause to engage in early discovery[.]" *Id.* at *4. As that Court observed, it is at least plausible that the subscriber is the infringer, and Defendant's contention to the contrary is more appropriately raised on a motion to dismiss. *See id.* at *5. Secondly, Defendant does not face an undue burden of being falsely associated with the infringement because he is proceeding pseudonymously (and has the option to move for a continued protective order), and because he lacks a compelling privacy interest in this matter. *See id.* at *6–7. This Court should hold the same. Indeed, the grounds to quash a subpoena are even more narrow than those presented in the above matter.

## II.     FACTUAL BACKGROUND.

Strike 3 owns the intellectual property in award-winning adult motion pictures. *See* Declaration of David Williamson, ¶ 13, D.E. 8-1. Strike 3's philosophy is to hold itself above the rest:  higher budgets, higher compensation for its actors and actresses, and higher-end productions.  *Id.* at

2

¶¶ 15–16.  Despite its success, Strike 3 does not rest on its back-catalogue and is continually seeking out new opportunities and ventures to provide subscribers with a better experience.  *Id.* at ¶¶ 17, 19.  Strike 3's business has "raised the bar" for the rest of the industry, "leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist."  *Id.* at ¶ 25.

As a result of its higher production and talent costs, Strike 3 is sensitive to the substantial revenue loss caused by mass copyright infringement. Despite attempting to mitigate the infringement outside the courts, *see id.* at ¶ 31 (sending thousands of DMCA takedowns to infringing websites), lawsuits like this have become a necessary option of last resort.  *Id.* at ¶ 32. Plaintiff understands the delicate nature of these suits, and for this and other reasons, has put in place protocols, including inviting this Court to enter a protective order, which the Court has done. *See* D.E. 9, at ¶ 9.

Doe, is accused of downloading, distributing, and hence infringing numerous different works across the BitTorrent network.  *See generally* D.E. 1 and 1-1 (listing the works-in-suit). BitTorrent allows users to operate anonymously, revealing only the IP address they are using, as well as a wealth of information concerning their internet activity.  But BitTorrent does not

reveal the infringer's identity. That is why "in cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is [a court order under] Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (citation omitted).   Hence, Plaintiff requested early discovery, which this Court granted. D.E. 9.  Doe was notified of the pending subpoena by his Internet service provider ("ISP") and filed the present Motion.

## III.   LEGAL STANDARD.

"[A] movant seeking to quash or modify a subpoena under Rule 45(d)(3) bears the burden of showing that it is entitled to the requested relief." *McNamara v. Gov't Emps. Ins. Co.*, 2018 WL 8193869, at *2 (M.D. Fla. Dec. 21, 2018) (citation omitted).  The Federal Rules of Civil Procedure are clear: courts will only quash or modify a subpoena under six circumstances.  *See* Fed. R. Civ. P. 45(d)(3)(A)–(B).  Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of

"a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. *Id.* "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, 2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases). "The party seeking to quash a subpoena bears the burden of establishing at least one of the requirements articulated under Rule 45(d)(3)." *Malibu Media, LLC v. Doe*, No. 14-657-T-35AEP, 2014 WL 12621599, at *2 (M.D. Fla. Sept. 15, 2014), *report and recommendation adopted*, No. 14-657-T-35-AEP, 2014 WL 12625762 (M.D. Fla. Oct. 9, 2014).

## IV.   ARGUMENT.

"Defendant [has] cited no valid basis under Rule 45(d)(3) to quash [a] subpoena," *see Malibu Media, LLC v. Doe*, No. CV 14-2351-T-36AEP, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015), let alone articulated why the Court erred finding good cause to authorize early discovery.[2] These arguments

---

[2] Even if the Court were to treat Defendant's Motion as one for reconsideration, which demands a more exacting burden and "is not the proper forum for the party to vent dissatisfaction with the Court's reasoning," the Motion would nevertheless fail because Defendant has not pointed to "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct clear error or manifest injustice." *Arthrex, Inc. v. Orthogen Aktiengsellschart*, No. 05-121-FTM-33-DN, 2006 WL 1805882, at *1 (M.D. Fla. June 29, 2006), *aff'd* 250 F. App'x 293 (11th Cir. 2007) (citations omitted).

breakdown into either merits-based or *ad hominem* attacks, neither of which are availing or accurate.

First, Strike 3's Complaint can and does state a plausible claim for relief under Fed. R. Civ. P. 8(a) and *Cobbler Nevada LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018). Indeed, this Court has previously held that similar arguments are "without merit." *Strike 3 Holdings, LLC v. Doe*, No. 20-1328-T-33CPT, 2020 WL 7138621, at *4 (M.D. Fla. Dec. 7, 2020). "District courts . . . have held that although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, *Cobbler Nevada* does not stand for the proposition that subpoenas may not be used to determine a subscriber's name." *Id.* (quoting *Strike 3 Holdings, LLC v. Doe*, 2019 WL 2996428, at *3 (N.D. Cal. July 9, 2019) (citations omitted).

As courts have long held, "[a] plaintiff who is unaware of the identity of the person who has wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant." *K-Beech, Inc. v. Does 1-57*, No. 11-358-FTM-36, 2011 WL 5597303, at *2 (M.D. Fla. Nov. 1, 2011) (citing *Penalbert–Rosa v. Fortuno–Burset*, 631 F.3d 592 (1st Cir. 2011)). While Doe contends that Strike 3's inability to allege additional facts about Doe's connection to the infringement renders the claim

implausible,[3] that "reasoning is flawed in two critical respects." *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1210 (D.C. Cir. 2020).

> As an initial matter, it misstates the relevant inquiry when a plaintiff seeks immediate, court-ordered discovery to identify an anonymous defendant. At this stage, the court is not asked to pass judgment on the strength of the plaintiff's allegations against the defendant, but to determine whether the plaintiff should have the opportunity to name that defendant in the first place. It is well established that plaintiffs are permitted to proceed against John Doe defendants so long as discovery can be expected to uncover the defendant's identity. That is precisely what Strike 3 seeks here: the discovery necessary to reveal the defendant's identity and to begin litigating its infringement claims.
>
> * * *
>
> [This argument] also misconstrue[s] the pleading burden at the Rule 12(b)(6) phase. * * * At this stage . . . a plaintiff "need not set out all of the precise facts on which the claim is based." Nor must the plaintiff prove its ultimate claim. To the contrary, "'even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely,'" the judge must accept the complaint's well-pleaded allegations as true and "draw all reasonable inferences from those allegations in the plaintiff's favor."

---

[3] Doe's speculation that the IP address "may" be dynamic, [CM/ECF 11, at 5], rings hollow as Doe has presented no evidence suggesting that IP address 73.104.17.231 is actually dynamic or that Doe was not the subscriber to the IP address during the relevant period. "[S]imply noting that an IP address can be dynamic does not establish that [it] was dynamic." *Malibu Media, LLC v. Weaver*, No. 14-1580-T-33TBM, 2016 WL 1394331, at *6 (M.D. Fla. Apr. 8, 2016) (citation omitted); *see also U.S. v. Steiger*, 318 F.3d 1039, 1042 (11th Cir. 2003) ("Static addresses are undoubtedly easier to trace, but ISPs generally log the assignments of their dynamic addresses."). By virtue of Doe's Motion, it appears that the Internet service provider has identified as the subscriber.

> In this case, Strike 3 asserts that it has used a combination of forensic and geolocation technology to tie a single IP address, registered to a user in [Florida], to [twenty-nine] acts of infringement on specified dates . . . . Based on these allegations, a court could reasonably infer that someone with prolonged, continuous access to this IP address was responsible for the alleged infringement. Viewing the allegations in the light most favorable to Strike 3, we think it at least plausible that the registered IP address subscriber "actually did the infringing."

*Id.* at 1210–11 (internal citations omitted); *see also Attkisson v. Holder*, 925 F.3d 606, 637 (4th Cir. 2019), *as amended* (June 10, 2019) (concurring, Wynn, J.) (collecting cases) ("[P]rivate parties such as copyright holders frequently use IP addresses to identify unknown defendants who allegedly engage in online copyright infringement.").

"The focus, therefore, is not on whether the plaintiff will ultimately be able to prove each fact alleged in the complaint, but simply whether, if such facts are later proven to be true, the plaintiff has stated a legally actionable claim." *Strike 3 Holdings, LLC v. Doe*, No. 18-12585 (NLH/JS), 2020 WL 3567282, at *5 (D.N.J. June 30, 2020), *rev'ing* No. 18-12585 (NLH/JS), 2019 WL 5446239, at *1 (D.N.J. Oct. 24, 2019).  "To require [Plaintiff] to prove that the subscriber more likely than not is the infringer—that is, to meet its ultimate burden of proof—at the pleading stage would turn the civil litigation process on its head." *LHF Prods., Inc. v. Does 1-25*, 2016 WL 4126658, at

*2 (W.D. Va. Aug. 2, 2016) (citing *Malibu Media, LLC v. Doe*, 2014 WL 7188822 (D. Md. Dec. 16, 2014)).  Doe's argument is, at this stage, premature and "more appropriately grist for a motion to dismiss[.]" *Strike 3 Holdings*, No. 20-1328-T-33CPT, 2020 WL 7138621 at *4.  Accordingly, Doe's attempt to quash Strike 3's subpoena on Rule 12(b)(6) grounds falls flat.  *Cf. Malibu Media, LLC v. Does*, No. 12-177 FTM-29SPC, 2012 WL 12921321, at *1 (M.D. Fla. June 6, 2012) (citation omitted) ("[A] general denial of liability is not a basis for quashing the subpoena which would prevent the plaintiff from obtaining the putative [Defendant's] identifying information.").

Second, Strike 3 is not a copyright troll.  This is not only the conclusion of courts across the country,[4] but the lone case Doe presents in

---

[4] *See, e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2019 WL 5446239, *6 (D.N.J. Oct. 24, 2019) (finding after two-days of evidentiary hearings, no evidence that Strike 3 engaged in abusive litigation practices), *rev'd on other grounds*, 2020 WL 3567282 (D.N.J. June 30, 2020); *Strike 3 Holdings, LLC v. Doe*, No. 19-5818, 2019 WL 5459693, at *2 (S.D.N.Y. Oct. 9, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 19-1152, 2019 WL 3859514, at *2 (D. Conn. Aug. 16, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-12609, D.E. 16 at 6 (D.N.J. June 27, 2019); *Strike 3 Holdings, LLC v. Doe*, No. 18-1490, 2019 WL 1529339, at *5 (W.D.N.Y. Apr. 8, 2019); *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481–82 (E.D. Pa. 2019); *Strike 3 Holdings, LLC v. Doe*, 337 F. Supp. 3d 246, 256–57 (W.D.N.Y. 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-3763, ECF 12, at *1 (N.Y.E.D. Nov. 14, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-1762, D.E. 12 at *1 n.1 (E.D. Pa. Oct. 2, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 18-2019, 2018 WL 10604533, *3–4 (N.D. Cal. Sept. 14, 2018).

support of that proposition even observed that the court "has not seen evidence that [abusive litigation practices] occurred in its cases." *Strike 3 Holdings, LLC v. Doe*, No. 18-12585 (NLH/JS), 2019 WL 5446239, at *6 (D.N.J. Oct. 24, 2019). To the extent Doe is concerned that disclosure of his name will be embarrassing, "[t]he mere fact that a defendant may be embarrassed to have his name connected to pornographic websites is not a proper basis on which to diminish a copyright holder's otherwise enforceable property rights. Indeed, as one district court aptly observed, 'while there may be some social stigma attached to consuming pornography . . . it is [nonetheless] the rare civil lawsuit in which a defendant is not accused of behavior of which others may disapprove.'" *Strike 3 Holdings,* 964 F.3d at 1209 (quoting *Strike 3 Holdings, LLC v. Doe*, 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019) (citation and quotation marks omitted)).

Although Strike 3 does not and will not use Doe's identifying information for any improper purpose, it always invites the Court to enter a protective order, *see* [CM/ECF 8, at 16] since "entry of a limited protective order strikes the right balance of interest and that any concerns about misidentification or privacy exposure are easily assuaged through implementation of an appropriate protective order." *Strike 3 Holdings*, No.

18-12585 (NLH/JS), 2020 WL 3567282 at *11.  Strike 3 does not oppose and continues to encourage entry of a protective order by the Court.  For the foregoing reasons, Plaintiff respectfully request the Court permit early discovery to progress.

## V.     CONCLUSION.

For the foregoing reasons, Plaintiff respectfully requests this Court deny Defendant's Response in Opposition to Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to Rules 26(f) Conference.

Dated: February 16, 2022                         Respectfully submitted,

**MAMONE VILLALON**
*Counsel for Plaintiff*

By*: /s/ Tyler A. Mamone*
Tyler A. Mamone, Esq.
Florida Bar No.: 111632
Yetian Wang, Esq.
Florida Bar No.: 1025778
100 SE 2nd St., Suite 2000
Miami, Florida, 33131
Tel: (786) 209-2379
Tyler@mvlawpllc.com
Yetian@mvlawpllc.com

*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on February 16, 2022, a true and correct copy of the foregoing document was filed on this Court through the CM/ECF system, and served on all parties/attorneys of record via the Court's Electronic System or U.S. Mail/Email in the manner specified in the service list below.

## <u>SERVICE LIST</u>

### <u>Via CM/ECF</u>

Joycelyn S. Brown, Esq.
IPS Legal Group, P.A.
1951 NW 7th Ave Suite 600
Miami, Florida 33136

*Counsel for Defendant*